UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE MATRANGOLO, <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER VELEZ, Commissioner, New Jersey Dep't of Human Services, and VALERIE HARR, Director, Division of Medical Assistance & Health Services, <br><br> Defendants. | Civil Action No. 13-6289 (MAS) (LHG) <br><br> **MEMORANDUM ORDER** |

The present matter comes before the Court upon Plaintiff Marie Matrangolo's ("Plaintiff") motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure ("Rule") 65 or, alternatively, for summary judgment pursuant to Rule 56. (Pl.'s Mot., ECF No. 3.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

Plaintiff seeks to enjoin Defendants Jennifer Velez, in her official capacity as Commissioner of the New Jersey Department of Human Services, and Valerie Harr, in her official capacity as Director of the Division of Medical Assistance & Health Services (collectively, "Defendants") from treating all commercial annuities as available resources to determine Plaintiff's eligibility for Medicaid and denying Plaintiff proper access to "Medicaid process." (Pl.'s Mot. 16, 19.) Defendants oppose Plaintiff's motion contending that Plaintiff has not satisfied the necessary factors to warrant emergent relief. (Defs.' Opp'n, ECF No. 9, 1-2, 7-15.)

Plaintiff is an 88-year-old woman, who has been a resident of a Medicaid-certified nursing facility in New Jersey since December 2010. (Compl., ECF No. 1, ¶¶ 3-5.) On September 13, 2013, Plaintiff, by her agent and attorney-in-fact, "purchased a single-premium, immediate payout annuity contract for $68,000.00 from the Croatian Fraternal Union of America." (*Id.* ¶ 12, Exs. D-E.) The

annuity will be distributed in eight payments of $8,606.46 starting October 15, 2013 and is irrevocable, non-transferable, and non-assignable. (*Id.* ¶ 12, Ex. F.) According to Plaintiff, the annuity complies with the requirements of the Deficient Reduction Act of 2005 ("DRA"), 42 U.S.C. § 1396p(c)(1). (*Id.* ¶ 13.)

On October 4, 2013, Plaintiff applied for Medicaid benefits with the Union County Division of Social Services ("UCDSS"). (*Id.* ¶ 2, Ex. A.) However, Plaintiff's Medicaid application was—and is—pending because she failed to provide requested information and/or verifications necessary to process her application. (*See* Defs.' Opp'n, Ex. A, 11/6/13 UCDSS Ltr.) Notwithstanding her pending application, Plaintiff commenced this action on October 22, 2013 claiming that, "[u]nless [Defendants are] enjoined from doing so, [Defendants] will wrongfully consider the DRA-Compliant annuity purchased by [Plaintiff] to be a resource and thereby deny her application on [the] basis that, if counted as such, the annuity makes her in excess of allowable resources." (Compl. ¶ 20.) Plaintiff's Complaint contains two claims, pursuant to 42 U.S.C. § 1983 and the Supremacy Clause, alleging that Defendants violate the Medicaid Act by treating all Medicaid-compliant annuities as available resources (Count 1) and by using a more restrictive methodology for assessing resource eligibility than used under the Supplemental Security Income program (Count 2). (*Id.* ¶¶ 21-24.) Along with her Complaint, Plaintiff filed a motion for preliminary injunction or, alternatively, for summary judgment.[1]

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The decision to enter a preliminary injunction is within the sound discretion of the district

---

[1] The initial return date for Plaintiff's motion for preliminary injunction was November 18, 2013. The Parties consented to an adjournment of the return date to December 2, 2013, so that Defendants could review Plaintiff's Medicaid application on an expedited basis. (ECF No. 8.) The Parties, again, consented to an adjournment of Plaintiff's motion, making the motion returnable on December 16, 2013. (ECF No. 11.) Although Plaintiff has moved for summary judgment in the alternative, neither party has complied with the requirements of Local Civil Rule 56.1.

court. *West Indian Co., Ltd. v. Gov't of Virgin Islands*, 812 F.2d 134, 135 (3d Cir. 1987). In order to obtain a preliminary injunction, the movant has the burden of showing: (1) a reasonable probability of success on the merits; (2) irreparable injury if relief is denied; (3) a balance of hardships in its favor; and (4) a public interest in favor of the injunction. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994). "Only if the movant produces evidence sufficient to convince the [Court] that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

The Court finds that Plaintiff has not met her burden for the Court to grant preliminary injunctive relief. As an initial matter, Plaintiff's preliminary injunction application is not emergent. The Court's finding is evident based on the fact that Plaintiff alternatively seeks summary judgment or, in other words, a judgment on the merits and an injunction *permanently* enjoining Defendants from construing her annuity as a countable resource when considering her Medicaid application. *See Council of Alt. Political Parties v. Hooks*, 179 F.3d 64, 70 (3d Cir. 1999) ("a decision on a preliminary injunction is, in effect, only a prediction about the merits of the case"); *see also Frugard v. Velez*, No. 08-5119 (GEB), 2010 WL 1462944, at *3 (D.N.J. Apr. 9, 2010) (acknowledging denial of preliminary injunction as non-emergent and converting it into a motion for summary judgment).

In any event, at this stage in the proceedings, even if Plaintiff demonstrated a reasonable probability of eventual success on the merits, the preliminary injunction could not be granted because Plaintiff has failed to convince the Court she will be injured *pendente lite* if relief is not granted. *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 707 F. Supp. 2d 520, 542 (D.N.J. 2010) ("While all four factors are important, failure to show either likelihood of success on the merits or irreparable harm 'must necessarily result in denial of a preliminary injunction.'" (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)). "An injunction is appropriate only where there exists a threat of irreparable harm such that legal remedies are rendered

inadequate." *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997) (citations omitted). To satisfy this burden, the movant must clearly show "immediate irreparable harm," rather than a risk of harm. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992).

Plaintiff argues that: (1) "the denial of Medicaid to someone who is otherwise eligible for benefits is irreparable injury *per se*[,]" (Pl.'s Mot. 17 (citations omitted)); (2) Plaintiff will suffer irreparable injury in the absence of injunctive relief because the Eleventh Amendment gives the state immunity from an award of retroactive benefits except for the three months preceding a favorable judgment, (*id.* at 17-18); and (3) Plaintiff will be penalized based on several transfers she made for less than fair market value, leaving her without resources to pay for her stay at a nursing home, (Pl.'s Reply, ECF No. 12, 6-7).[2] In response, Defendants generally contend, among other things, that Plaintiff's motion is based on "assumption" and "speculation" that Defendants will treat her annuity as a resource and deny her application for Medicaid on that basis. (Defs.' Opp'n 1.) Furthermore, Defendants contend that there is no clear, imminent irreparable injury where Plaintiff has a monetary remedy (*i.e.*, payment for nursing home costs), has not presented evidence of imminent discharge from her nursing home, and has not complied with the Medicaid application process. (*Id.* at 11-13.)

Plaintiff's arguments fail because they are speculative in nature. *See Continental Grp., Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) ("more than a risk of irreparable harm must be demonstrated"). Defendants correctly assert that Plaintiff's request for injunctive relief is based on speculation that Defendants will treat her annuity as a resource and deny her Medicaid application on that ground. (*See* Defs.' Opp'n 3 ("there is no indication that [D]efendants would treat the annuity as a resource or that [P]laintiff is otherwise eligible for benefits even if the annuity is not treated as a resource.") And although Plaintiff has provided ten examples where Defendants denied Medicaid

---

[2] A five-year "look-back" period was established by 42 U.S.C. § 1396p(c)(1)(B)(i). "The look-back period is a time period during which the applicant has their assets scrutinized to ensure that they did not dispose of or transfer assets for less than fair market value in order to qualify for Medicaid. If an asset is transferred for less than fair market value during the look-back period, a penalty period of ineligibility for Medicaid is imposed." *Frugard*, 2010 WL 1462944, at *1.

4

eligibility based on excessive resources, such speculation does not rise to the level of warranting the extraordinary remedy of a preliminary injunction.[3] *Cf. Sorber v. Velez*, No. 09-3799, 2010 WL 3491154, at *1 (D.N.J. Oct. 23, 2009) (granting Medicaid applicants' preliminary injunction where *plaintiffs' application* had been previously rejected based on transfer penalties and concluding that it was likely to be rejected again on the same grounds). Moreover, Plaintiff's own conduct has hindered the Medicaid application process (*i.e.*, failing to provide necessary documents to facilitate review of her application)—not Defendants. Because Plaintiff's application is incomplete, an independent review has not been conducted so that Defendants can determine whether Plaintiff is eligible for Medicaid benefits. At the very least, Plaintiff needs to comply with the Medicaid application process and provide the actual annuity at issue so that it can be reviewed.[4]

Furthermore, a final agency decision—cited by Plaintiff—issued after Plaintiff filed the instant motion, lends support to Defendants' position that Plaintiff's annuity may not be treated as a resource. In *M.W. v. Div. of Med. Assistance & Health Servs.*, OAL Dkt. No. HMA 2998-2013 (Jan. 28, 2014), Defendant Valerie Harr adopted the ALJ's decision, which held that the UCDSS could not count a Medicaid applicant's non-transferable, irrevocable annuity purchased from the Croatian Fraternal Union of America as a resource. In her decision, Ms. Harr acknowledged that the case law is unsettled as to whether the annuity at issue is a countable resource, but noted "each annuity must be reviewed independently." *M.W.*, HMA 2998-2013, at 3. Upon Plaintiff's completion of her application, Defendants are urged to continue its expedited review of Plaintiff's application in accordance with applicable laws and jurisprudence. (*See* ECF No. 8.)

---

[3] The Court notes that at least one example cited by Plaintiff shows that the applicant's application was denied due to excess resources due to the sale of a home. (*See* Compl., Exh. J.)

[4] Plaintiff has not offered any evidence that she has complied with Defendants' request for the annuity since receiving notice that her application was incomplete, or that she will be evicted shortly from the nursing facility absent injunctive relief. Should Plaintiff offer proof of this nature, the Court would be willing to reconsider Plaintiff's motion for preliminary injunction. Moreover, Plaintiff's Eleventh Amendment argument is undermined by her consent to two adjournments of this motion.

Based on the foregoing, and other good cause shown,

**IT IS**, on this 30th day of <u>May</u>, 2013, **ORDERED** that:

1) Plaintiff's motion for preliminary injunction is DENIED without prejudice.

2) If the Parties agree that no discovery is necessary, either Party may immediately move for summary judgment in compliance with Local Civil Rule 56 and, if necessary, request expedited review by the Court.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE